No. 740

ASSOCIATED CONSUMERS & DEALERS v. BETTER BUSINESS COMM. et

Ohio Appeals, 6th Dist., Lucas Co.

No. 1546. Decided June 22, 1925

715. LIBEL—Action for damages for, will not lie against an unincorporated association.

923. PLEADINGS — Whether defendants acted under qualified privilege is defensive matter, and can be raised only by the answer.

RICHARDS, J.

The Associated Consumers & Dealers brought an action in the Lucas County Common Pleas. They charged libel and asked for damages against the Better Business Commission, Roy Blair and Fred Willson as individuals, members and officials of said Commission. The plaintiff, it seems, was engaged in the business of bringing retail dealers into close co-operation with the general public and consumers and purchasers. It then obtained written guarantees from the retail dealers to honor and redeem certain cash discount trade checks sold by plaintiff to consumers, said discount ranging for 1% to 15% on the selling price of the commodities.

The plaintiff alleged that the defendants unlawfully and maliciously intending to injure the plaintiff in its business and to bring it into public scandal, humiliation, embarrassment and disgrace, and to destroy its business, caused to be published a certain false and malicious libel of and concerning the plaintiff in its business. It was claimed by reason of said publication a large number of dealers have cancelled their contracts, have refused to honor and redeem the trade checks in hands of bona fide purchasers and consumers, and those who have contracted are continuing to demand a return of the money paid, so that the business is completely destroyed.

The Common Pleas sustained the demurrer of the Better Business Commission and dismissed the petition of the plaintiffs at its cost. Error was prosecuted and the Court of Appeals held:

1. The question for determination is whether the fourth amended petition of the plaintiff stated a good cause of action.

2. The word "defamatory" means that the language must be such as as by a necessary or natural proximate consequence occasions pecuniary loss to him whom it concerns.

3. The language in the publication concerned the plaintiff in its business and the petition averred that it was not only false and malicious, but as a proximate result of the publication it has caused damages.

4. "Get the facts which we have in our files" on the Associated Consumers & Dealers; and the statement, "This information is secured by the Better Business Commission for your benefit," naturally conveys the impression that the Commission has in its files information unfavorable to the plaintiff.

5. The material questions sought to be raised by demurrer can only be raised by an answer, and whether the defendants are entitled to the protection of having acted under a qualified privilege, is a matter which is defensive, to be raised by the answer.

6. There is no authority which justifies an action at law for damages against an unincorporated association, as is the Better Business Commission, as such, for it has no legal entity distinct from that of its members.

7. The dismissal of Blair and Willson from the case by previous action of the court, was final judgment as against them because no petition in error was filed until Jan. 24, 1925, long after the time within which error could be prosecuted had elapsed.

8. Since an action for damages for libel will not lie against an unincorporated association, and since the other defendants were dismissed, no cause of action existed against the remaining defendants.

Judgment affirmed.

Attorneys—Eldon H. Young and Benjamin F. James, for Consumers and Dealers; Percy R. Taylor for Commission; all of Toledo.